E-FILED
Friday, 10 July, 2026  11:00:47 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DEVIN KUGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-4045 |
| | ) | |
| ERIN POSEY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MERIT REVIEW ORDER</u>**

Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("TDF" or "Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, even if part of the filing fee has been paid. 28 U.S.C. § 1915(e)(2)(B). This Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "state a

claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## ALLEGATIONS

Plaintiff is detained at Rushville Treatment and Detention Facility ("TDF"). Plaintiff alleges that Defendants Posey and Gregory, in their capacities as the Acting Facility Director and Security Director, respectively, have ordered TDF staff to conduct shakedowns of his cell and to confiscate his "lawfully obtained property." Plaintiff alleges that the staff members conducting the shakedowns told him that Defendants Posey and Gregory said "we can do what we want because no one will stop us."

## DISCUSSION

Plaintiff alleges that Defendants' alleged actions violate the First, Fourth, and Fourteenth Amendments. Plaintiff does not allege that Defendants infringed upon his ability to speak, write, read, or otherwise engage in conduct protected under the First Amendment, nor does he allege that Defendants retaliated against him for exercising any constitutional rights. To the extent that he attempts to allege that the "lawfully obtained property" involves material so protected, Plaintiff has not presented sufficient information about the nature of the property to state a viable claim.

Detainees maintain a Fourth Amendment right against unreasonable searches and seizures to the extent that they have a reasonable expectation of privacy against government intrusion. *Hudson v. Palmer*, 468 U.S. 517, 524-25 (1984). The Supreme Court has explicitly stated that confined individuals do not have a reasonable expectation of privacy in their cells or property. *Id.* at 526. Plaintiff, therefore, does not state a Fourth Amendment claim.

Plaintiff does not allege that Defendants failed to provide any process that was due when conducting the alleged actions, and because the constitutional deprivations he alleges fall squarely within the purview of the First and Fourth Amendments, Plaintiff does not state a claim under the Fourteenth Amendment's substantive due process clause. *Graham v. Connor*, 490 U.S. 386, 395 (1989) (where an amendment "provides an explicit textual source of constitutional protection…that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing [the] claims.").

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 10th  day of July, 2026.


_s/Michael M. Mihm_
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE